**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

DAVID MOLDEN,

        Plaintiff,

        v.                            CAUSE NO.: 3:25-CV-273-TLS

FRANK BISIGNANO, Commissioner of the
Social Security Administration,

        Defendant.

## OPINION AND ORDER

The Plaintiff David Molden seeks review of the final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits and supplemental security income. The Plaintiff argues that the Administrative Law Judge (ALJ) erred in formulating the Plaintiff's residual functional capacity. The Plaintiff also argues that, as a result, the hypothetical posed to the vocational expert was inadequate. For the reasons set forth below, the Court finds that reversal and remand for further proceedings is required.

## PROCEDURAL BACKGROUND

On June 15, 2022, the Plaintiff filed applications for disability insurance benefits and supplemental security income alleging disability beginning on July 1, 2020, which he amended to June 15, 2022. AR 10, 12, ECF No. 6. After the claims were denied initially and on reconsideration, the Plaintiff requested a hearing, which was held before the ALJ on November 30, 2023. AR 68–98, 172–80, 181–89, 191–99, 201–09, 238–39. On April 8, 2024, the ALJ issued a written decision, finding the Plaintiff not disabled. AR 7–32. The Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 1–6. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v.*

*Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). On March 27, 2025, the Plaintiff filed his Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's final decision. The Plaintiff filed an opening brief, the Commissioner filed a response brief, and the Plaintiff filed a reply brief. ECF Nos. 10, 12, 14.

## THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see* 20 C.F.R. §§ 404.1505(a), 416.905(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505(a), 416.905(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see* 20 C.F.R. §§ 404.1512, 416.912.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since June 15, 2022, the amended alleged onset date. AR 12.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe impairments of seizures, schizoaffective disorder, anxiety, and post-traumatic stress disorder. AR 13.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings [in appendix 1 to subpart P of part 404 of this chapter]." 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that he considered Listings 11.00, 11.02, 12.04, 12.06, and 12.15. AR 14–16.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see* 20 C.F.R. §§ 404.1520(e), 416.920(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds. He can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can have no exposure to extreme heat, extreme cold, humidity, wetness, vibrations, or hazards of unprotected heights or dangerous machinery. No requirements for driving. He is limited to only moderate exposure to noise, as the term moderate is defined in the Selected Characteristics of Occupations (SCO), that is like a business office, department store, grocery store, light traffic, or fast food restaurant during off hours. The claimant is able to understand, remember, carry out short, simple, routine instructions. He is able to sustain attention and/or concentration for at least two-hour periods at a time and for eight hours in the

3

workday on short, simple, routine tasks. No fast paced production work and no assembly line work. The claimant is limited to occasional interactions with supervisors and coworkers, but no interactions with the general public as part of job tasks/duties.

AR 16.

The ALJ then moves to step four and determines whether the claimant can do his past relevant work in light of the RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), 416.920(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is unable to perform any past relevant work under 20 C.F.R. §§ 404.1565, 416.965. AR 24–25.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy of mail clerk, garment sorter, and routing clerk. AR 26.

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as

long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez*, 336 F.3d at 539 (citations omitted); *see Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (cleaned up). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

In this appeal, the Plaintiff argues that the ALJ failed to adequately explain how her residual functional capacity (RFC) assessment accounted for his limitations in managing stress, poor persistence, and difficulty getting along with others. The Plaintiff contends that, as a result, the hypothetical posed to the vocational expert was inadequate. The Court finds the Plaintiff's arguments persuasive.

The RFC is a measure of what an individual can do despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); 20 C.F.R. § 404.1545(a)(1). The "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The relevant evidence of the individual's ability to do work-related activities includes the claimant's medical history; medical signs and laboratory findings; the effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id.* at *5. The determination of a claimant's RFC is a legal decision rather than a medical one. *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) (citing 20 C.F.R. § 404.1527(d)). The ALJ must provide a narrative discussion of the record evidence and an explanation as to how the evidence supports the ALJ's RFC findings. SSR 96-8p, 1996 WL 374184, at *7.

Here, the ALJ included a moderate limitation in interacting with others in the mental RFC for occasional interactions with supervisors and coworkers but no interactions with the general public as part of job tasks/duties. AR 16, 22. The Plaintiff argues that the ALJ failed to draw a logical bridge between the evidence and this aspect of the RFC pointing to the findings of state-agency psychological consultant Dr. Larsen. The Court finds that the RFC for occasional interactions with supervisors and coworkers but no interactions with the general public as part of job tasks/duties is not supported by substantial evidence and that the ALJ erred in considering the evidence of record related to this impairment.

In assessing the mental RFC, the state-agency psychological consultants complete a "Mental Residual Functional Capacity" form that has two relevant sections: (1) what is often referred to as a "checkbox" worksheet to rate the claimant's limitations in several subareas of the four broad areas of mental functioning of understanding and memory, sustained concentration and persistence, social interaction, and adaptation and (2) a narrative section titled "MRFC Additional Explanation" that contains a written assessment of the claimant's mental RFC. *See* AR 187–88; *Timothy O. v. Kijakazi*, No. 3:20-CV-229, 2023 WL 11960421, at *2 (S.D. Ind. Apr. 21, 2023) (citing POMS: DI 25020.0010(B)(1); *DeCamp v. Berryhill*, 916 F.3d 671, 675–76 (7th Cir. 2019)). "The ALJ must consider whether the consultants' narrative RFC assessments 'adequately encapsulate[d] and translate[d]' the checklist." *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015)). While the ALJ must consider the state-agency psychologists' findings, she is not required to adopt them. *See* 20 C.F.R. §§ 404.1513(a)(2)(ii), 404.1520b, 404.1520c.

In October 2022, state-agency psychologist Joelle Larsen, Ph.D., reviewed the record and found the Plaintiff not significantly limited in most of the "checkbox" areas. AR 187. However, as is relevant here, for the "social interaction limitations," Dr. Larsen assessed a moderate limitation in "[t]he ability to accept instructions and respond appropriately to criticism from supervisors" and "[t]he ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes." *Id.* In the narrative "MRFC Additional Explanation," Dr. Larsen found that the Plaintiff "can relate on a superficial and ongoing basis with co-workers and supervisors" and "would be able to manage occasional contact with the public but sustained, intensive, interpersonal contact would be precluded." AR 188. Dr. Larsen also found that the Plaintiff "would appear to work best alone, in semi-isolation from others or as part of a small

group" and the "[t]otality of the MER suggests the [Plaintiff] seems to be able to maintain at least a minimal level of relationship with others." *Id*.

The Plaintiff argues that the ALJ erred by failing to address Dr. Larsen's moderate "checkbox" limitations related to interacting with others. The Defendant responds that the ALJ accounted for those checkbox limitations by considering Dr. Larsen's narrative opinion. Indeed, an ALJ may rely on the narrative opinion where it adequately translates the moderate checkbox ratings. *Johansen v. Barnhart*, 314 F.3 283, 289 (7th Cir. 2002); *Pavlicek*, 994 F.3d at 783 (affirming where the ALJ relied on state-agency psychologists who translated the finding of pace limitation to a specific restriction). However, the ALJ may not rely on a narrative opinion, without further explanation, if the narrative does not include the checkbox findings. *DeCamp*, 916 F.3d at 676 (recognizing that, although an ALJ may rely on the narrative statement, "the ALJ still must adequately account for limitations identified elsewhere in the record, including specific questions raised in check-box sections of standardized forms"); *Yurt v. Colvin*, 758 F.3d 850, 854–55, 859 (7th Cir. 2014) (reversing because the ALJ did not adequately account for limitations identified in the checkbox section).

While here the ALJ discussed the limitations in state-agency psychologist Dr. Larsen's narrative statements, the ALJ did not discuss any of the moderate checkbox limitations at issue. Specifically, the ALJ determined:

> The statement about working "... best alone, in semi-isolation from others or as part of a small group" is not supported and internally inconsistent when considering the next sentence that the claimant "...seems to be able to maintain at least a minimal level of relationship with others". For instance, the record showed he had a best friend, he got along with his brother and spent time with him, he lived with his stepfather, he used public transportation, and he went shopping in stores.

AR 24. And the Defendant does not argue how Dr. Larsen's narrative opinion incorporates the checkbox limitations at issue. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009)

("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."). Thus, the Court need not address such an argument. *See United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." (citation omitted)).

Also, the ALJ did not incorporate into the RFC or the hypothetical questions to the vocational expert the checkbox limitations regarding accepting instructions, responding appropriately to criticism from supervisors, and getting along with coworkers or peers without distracting them or exhibiting behavioral extremes. Nor did the ALJ discuss whether she found that the state-agency psychologist had incorporated these checkbox limitations in the narrative opinion. *See DeCamp*, 916 F.3d at 676; *see also Monday v. Comm'r of Soc. Sec.*, No. 4:23-CV-96, 2025 WL 865146, at *7 (N.D. Ind. Mar. 20, 2025) (citing *Donald G. v. Kijakazi*, No. 3:21-CV-164, 2023 WL 2957448, at *8 (S.D. Ind. Feb. 16, 2023); *Timothy O.*, 2023 WL 11960421, at *3–4).

Further, the ALJ did not address the Plaintiff's moderate limitations in accepting instructions, responding appropriately to criticism from supervisors, and getting along with coworkers or peers without distracting them or exhibiting behavioral extremes to the vocational expert. *See Varga*, 794 F.3d at 813 ("[B]oth the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." (quoting *Yurt*, 758 F.3d at 857)). The hypothetical to the vocational expert only included limitations, as are relevant here, to "occasional interactions with supervisors and coworkers" and "no interaction with the general public as part of their job tasks or duties." AR 94–95. Based on the vocational expert's testimony, the ALJ found at step five of the sequential analysis that the

Plaintiff could perform the jobs of mail clerk (209.687-026), garment sorter (222.687-014), routing clerk (222.687-022). *See* AR 26. As argued by the Plaintiff, it is unclear whether the ALJ would have found that the Plaintiff could perform any of those jobs had she included the moderate limitations in accepting instructions, responding appropriately to criticism from supervisors, and getting along with coworkers or peers without distracting them or exhibiting behavioral extremes in her hypothetical. Notably, the Defendant did not respond to this argument.

Accordingly, remand is required for the ALJ to properly consider the Plaintiff's moderate limitations in accepting instructions, responding appropriately to criticism from supervisors, and getting along with coworkers or peers without distracting them or exhibiting behavioral extremes. Because remand is required on this basis, the Court does not reach the Plaintiff's arguments regarding the ALJ's consideration of the Plaintiff's limitations in managing stress and poor persistence or Dr. Koselke's opinion on the Plaintiff's limitations in interacting with others.

### CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 10] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion.

SO ORDERED on March 26, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT